# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

UNITED STATES OF AMERICA      §
§
§
V.      §      CASE NO. 4:14-CR-125
§      Judge Mazzant
FRANK EDWIN PATE      §

## ORDER

Pending before the Court is Defendant's *pro se* Motion for Recusal (Dkt. #47). Having considered the motion, the Court finds that the motion should be denied.

This case is set for trial on May 18, 2015. On May 13, 2015, Defendant filed a motion to recuse, asserting that the undersigned cannot be impartial because the undersigned was previously assigned to Defendant's civil case number 4:09cv643. Defendant also asserts that he made an earlier request for recusal against the undersigned in the civil case due to alleged ex parte communications.

Section 144 of 28 U.S.C. provides:

> Whenever a party to any proceeding in a district court makes and files a *timely* and *sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reason for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party shall file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. [*emphasis added*]

28 U.S.C. § 144.

Some of the grounds for recusal of a judge are set forth in 28 U.S.C. § 455. This statute says, in pertinent part, as follows:

> (a)      Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned.
> (b)      He shall also disqualify himself in the following circumstances:

(1)    Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2)    Where in private practice he served as a lawyer in the matter in controversy ...

(3)    Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness ...

(4)    He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5)    He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i)      Is a party to the proceeding ...
(ii)     Is acting as a lawyer in the proceeding;
(iii)    Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv)     Is to the judge's knowledge likely to be a material witness in the proceeding. [*emphasis added throughout*]

28 U.S.C. § 455.

The Fifth Circuit has held that a legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements: it must (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the bias is personal rather than judicial in nature. *Henderson v. Dep't of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990).

Analysis

The Court notes that mere disagreements as to rulings made are almost always insufficient to show bias or prejudice justifying removal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (*citing United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Furthermore, affidavits that are based on mere conclusions, opinions, or rumors rather than personal knowledge are legally insufficient to require recusal. *Henderson*, 901 F.2d at 1296.

The mere fact that the undesigned was assigned his prior civil case while serving as the United States Magistrate Judge is not a ground for recusal. *See Conkling v. Turner*, 138 F.3d 577, 592-93 (5th Cir. 2003); *Liteky*, 510 U.S. at 555. Defendant also asserts that there were improper ex parte communications in his civil case. The record in the civil case demonstrates that Defendant first

asserted this allegation in an amended motion for mistrial after the United States District Judge entered a Final Judgment in the case, and only after the District Judge denied motions to vacate the judgment and the original motion for mistrial. The District Judge then held a hearing on the motion, received testimony, and found that the allegation of improper communications was unfounded. The District Judge denied the amended motion. Defendant did not appeal any issue with his prior civil case.

Defendant did not file an affidavit in support of his request. If the Court considers the motion, Defendant has failed to allege any facts or circumstances that are legally sufficient to require or warrant recusal. His general allegations do not show bias or prejudice. Defendant presents nothing but his conclusory allegation that the undersigned is biased. In sum, sufficient information has not been presented that would lead a reasonable person to conclude that the undersigned is biased against Defendant, nor is there any evidence pointing to a personal, non-judicial bias. *Henderson*, 901 F.2d at 1296. Defendant has failed to show any valid basis for removal of the undersigned. 28 U.S.C. § 455. The Court finds that there is no basis for recusal.

It is therefore **ORDERED** that the Defendant's *pro se* Motion for Recusal (Dkt. #47) is hereby **DENIED**.

**SIGNED this 13th day of May, 2015.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE