IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> FRANK EDWIN PATE, § <br> § <br> Defendant. § <br> § | CRIMINAL NO. 4:14-CR-00125-ALM-CAN |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Frank Edwin Pate ("Defendant")'s Motion for Stay of Forfeiture ("Motion for Stay") [Dkt. 118], Motion to Dismiss Pursuant to 21 USC 853(a) ("Motion to Dismiss") [Dkt. 164], and Motion for Discovery [Dkt. 165] (hereinafter collectively referred to as "Defendant's Motions"). After reviewing Defendant's Motions [Dkts. 118; 164; 165], the Government's Responses [Dkts. 170; 171], and all other relevant filings, the Court finds that Defendant's Motion for Stay of Forfeiture [Dkt. 118] and Motion for Discovery [Dkt. 165] should be **DENIED**. Further, the Court recommends that Defendant's Motion to Dismiss [Dkt. 164] be **DENIED**.

## BACKGROUND

On November 12, 2014, Defendant was indicted via superseding indictment for wire fraud and mail fraud [Dkt. 12]. The superseding indictment contains a notice that the property located at 316 W. 6th St, Bonham, TX 75418 ("Property") may be subject to forfeiture. *Id.* The case proceeded to jury trial on May 20, 21, 22, and 26, 2015 [Dkts. 63-66]. The jury found Defendant guilty on all counts and found the Property subject to forfeiture in a special verdict

[Dkts. 66; 77]. On June 4, 2015, a preliminary order of forfeiture was entered [Dkt. 80]. On October 15, 2015, Defendant filed a Motion for Stay of Forfeiture, requesting a stay of the forfeiture of the Property pending his appeal [Dkt. 118]. Defendant was sentenced on October 29, 2015 and, on November 5, 2015, a final amended judgment was entered [Dkts. 124; 130]. On February 18, 2016, United States District Judge Amos L. Mazzant referred the Motion for Stay [Dkt. 118] to the undersigned for consideration and a determination or recommended disposition, pursuant to 28 U.S.C. § 636 [Dkt. 159]. On March 10, 2016, Defendant further filed a Motion to Dismiss [Dkt. 164] and a Motion for Discovery [Dkt. 165]. On March 15, 2016, United States District Judge Amos L. Mazzant referred the Motion to Dismiss and Motion for Discovery to the undersigned for consideration and a determination or recommended disposition pursuant to 28 U.S.C. § 636 [Dkt. 167]. On March 24, 2016, the Government filed a Response to the Motion to Dismiss [Dkt. 170] and a Response to the Motion for Discovery [Dkt. 171]. On April 8, 2016, a Mandate of the United States Court of Appeals was entered vacating Defendant's sentence and remanding the case to this Court for resentencing and entry of an amended final judgment [Dkt. 172]. On May 26, 2016, Defendant was resentenced, and on May 27, 2016, an amended judgment was entered [Dkt. 184].

On June 24, 2016, the Court held a hearing ("Hearing") to consider Defendant's Motion for Stay [Dkt. 118], Motion to Dismiss [Dkt. 164], and Motion for Discovery [Dkt. 165]. The Government appeared represented by counsel Andrew Williams. Defendant appeared *pro se*. Petitioner Honor the Children ("HTC") also appeared at hearing through its non-attorney corporate representative/director, Leila Pate ("Ms. Pate").[1] At Hearing, the Court heard oral arguments from each of Defendant and the Government with respect to Defendant's Motion for Stay, Motion to Dismiss, and Motion for Discovery, and orally advised the Parties at such time

---

[1] *See* related order regarding Honor the Children's Petition.

that the Motion to Stay and Motion for Discovery were denied and that the Court recommended denial of the Motion to Dismiss [Dkts. 118; 164; 165].

## ANALYSIS

Defendant challenges forfeiture of the Property, and asserts that he should be allowed discovery in the ancillary proceeding to substantiate such challenge [Dkts. 164; 165]. Defendant also argues he is entitled to a stay to protect his rights. *Id.* The Government argues Defendant lacks standing to bring both the Motion to Dismiss [Dkt. 164] and Motion for Discovery [Dkt. 165], and that no stay is warranted.

### I. *Motion to Dismiss*

Defendant seeks dismissal of the forfeiture action pursuant to 21 U.S.C. §853(a) [Dkt. 164]. The Government argues Defendant lacks standing to pursue dismissal because the forfeiture became final as to Defendant at sentencing (and again upon resentencing) [Dkt. 170].

Federal Rule of Criminal Procedure 32.2(b)(4) states:

(4) *Sentence and Judgment.*

(A) *When Final.* At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

FED. R. CRIM. P. 32.2(b)(4). Pursuant to Rule 32.2(b)(4), upon sentencing, Defendant's interest in the forfeitable assets is divested, and the preliminary order of forfeiture becomes a final order subject to appeal (as to Defendant but not third-parties). *United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999) (finding defendant's interest in forfeited assets was terminated upon sentencing and was a final order that may be challenged upon appeal); *United States v. Christunas*, 126 F.3d 765, 767-69 (6th Cir. 1997) (analyzing forfeiture order as a final judgment and finding that defendant had waived right to challenge the forfeiture because he

did not appeal it within the proscribed time period); *United States v. Bennett*, 147 F.3d 912, 913-15 (9th Cir. 1998) (vacating district court order where court lacked jurisdiction to consider defendant's forfeiture challenges because order was entered after defendant was sentenced and the forfeiture had become a final as to defendant). Further, a criminal defendant lacks standing to assert the claims of a third-party in the forfeiture ancillary proceeding. *Bennett*, 147 F.3d at 913-15.[2]

Here, the forfeiture proceeding became final as to Defendant on October 29, 2015, when Defendant was sentenced by this Court and a final judgment was entered (as amended) [Dkts. 124; 125; 130]. Although Defendant was remanded for resentencing by the Fifth Circuit [Dkt. 172], on May 26, 2016, Defendant was resentenced [Dkt. 184]. Upon resentencing, the finality of the forfeiture as to Defendant was again reaffirmed under Federal Rule of Criminal Procedure 32.2(b)(4). FED. R. CRIM. P. 32.2(b)(4). Because the forfeiture order, as recognized by multiple courts, is a final appealable order upon sentencing of Defendant, Defendant may not challenge the forfeiture before this Court. *Pelullo*, 178 F.3d at 202 (stating forfeiture is a final appealable order upon sentencing); *Christunas*, 126 F.3d at 767-69 (finding defendant must challenge forfeiture order post-sentencing through appeal); *Bennett*, 147 F.3d at 913-15. Defendant's proper avenue for relief is through the appellate process, and not before the district court. *Pelullo*, 178 F.3d at 202; *Christunas*, 126 F.3d at 767-69; *Bennett*, 147 F.3d at 913-15.

Moreover, to the extent that Defendant's Motion to Dismiss asserts that HTC owns the Property rather than Defendant, Defendant may not seek to circumvent Federal Rule of Criminal

---

[2] The Fifth Circuit has also held that any motions that by their nature are inconsistent with a dispositive order are by implication denied (even if not expressly addressed by the Court) when a dispositive order is entered. *Daly v. Sprague*, 742 F.2d 896, 899-900 (5th Cir. 1984); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). This Court's entry of an amended final judgment resentencing Defendant and reaffirming the forfeiture denied by implication (even if not expressly), any inconsistent pending motions, including Defendant's Motion to Dismiss. *Daly*, 742 F.2d at 899-900; *Addington*, 650 F.2d at 666.

Procedure 32.2(b)(4) by asserting the claims of HTC, or any other third-party, to the Property. FED. R. CRIM. P. 32.2(c)(2) ("The defendant may not object to the entry of the final order on the ground that the property belongs, in whole or in part, to a codefendant or third party"); *Bennett*, 147 F.3d at 913-15 (denying defendant's attempt to assert claims in the forfeiture proceeding on behalf of his minor daughter, where defendant could not challenge the forfeiture directly). HTC, through counsel, may assert any permissible third-party claims it may have; however, Defendant lacks standing to assert HTC's claims, or those of any third-party in the ancillary forfeiture proceeding [Dkt. 164]. FED. R. CRIM. P. 32.2(c)(2); *Bennett*, 147 F.3d at 913-15.

To reiterate, Defendant's challenges to the forfeiture order, as set forth in the Motion to Dismiss, properly lie, if at all, through the appellate process [Dkt. 189]. *Id.* Therefore, the Court recommends that Defendant's Motion to Dismiss be **DENIED**.

## II.   *Motion for Discovery*

Defendant also moves for discovery in the forfeiture ancillary proceeding [Dkt. 165]. Specifically, Defendant moves for "discovery materials related to Counts 1, 2, and 3, in which any and all emails the Government holds which show communications regarding each instant offense listed in the superseding indictment" [Dkts. 158; 165].[3] For the same reasons that Defendant lacks standing to bring the Motion to Dismiss, Defendant also lacks standing to file a Motion for Discovery. *See infra* p. 3-5. This Court lacks jurisdiction to consider Defendant's Motion to Dismiss and related discovery requests because the forfeiture is final as to Defendant, and any challenge to such forfeiture must be pursued through appeal. Defendant similarly lacks standing to seek discovery on behalf of a third-party in the forfeiture ancillary proceeding. *Pelullo*, 178 F.3d at 202; *Christunas*, 126 F.3d at 767-69; *Bennett*, 147 F.3d at 913-15.

---

[3] On December 31, 2015, the Government requested discovery regarding the forfeiture of the property which was granted [Dkts. 157; 158].

Additionally, even if Defendant had standing, discovery in a forfeiture ancillary proceeding is at the discretion of the trial court. FED. R. CRIM. P. 32.2(b)(3), (c)(b). Here, Defendant's requests do not fall within the permissible scope of discovery under Federal Rule of Criminal Procedure 32.2. Federal Rule of Criminal Procedure 32.2 states:

> (3) *Seizing Property.* The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee). . . to conduct any discovery the court considers proper in identifying, locating, or disposing of the property
> …
> (c) ANCILLARY PROCEEDING; ENTERING A FINAL ORDER OF FORFEITURE.
>    … (B) After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.

FED. R. CRIM. P. 32.2(b)(3), (c)(b).

Defendant's requested discovery, on its face, seeks information unrelated to the forfeiture of the Property [Dkts. 158; 165]. Indeed, the request seeks no information related to "identifying, locating, or disposing of the property" or information "necessary or desirable to resolve factual issues [related to the forfeiture]" as required by Federal Rule of Criminal Procedure 32.2. FED. R. CRIM. P. 32.2. Rather, Defendant seeks emails related to Counts 1, 2, and 3 of the superseding indictment, which are solely directed at his underlying criminal charges [Dkts. 158; 165]. FED. R. CRIM. P. 32.2. Thus, Defendant's requests do not fall within the permissible scope of discovery under Federal Rule of Criminal Procedure 32.2 and must be denied.

### III.   *Motion for Stay*

Defendant further moves the Court for a stay of forfeiture of the Property pending appeal [Dkt. 118]. Federal Rule of Criminal Procedure 32.2(D) states:

> (D) STAY PENDING APPEAL. If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

FED. R. CRIM. P. 32.2(d). A stay under Federal Rule of Criminal Procedure 32.2 is at the discretion of the trial court, for good cause shown. *Id*.

Defendant's Motion for Stay sets forth multiple reasons why Defendant believes forfeiture of the Property is improper [Dkt. 118]. However, the Motion for Stay sets forth no specific arguments as to the relevant factors this Court must consider. *United States v. Ngari*, 559 F. App'x 259, 272 (5th Cir.), *cert. denied,* 135 S. Ct. 111 (2014) (unpublished) (citing *United States v. Droganes,* 893 F.Supp.2d 855, 894 (E.D.Ky.2012); *United States v. Peters,* 784 F.Supp.2d 234, 235 (W.D.N.Y. 2011) and *United States v. Riedl,* 214 F.Supp.2d 1079, 1082 (D.Haw. 2001)). Defendant fails to articulate why the stay pending appeal itself is needed or how Defendant would be prejudiced if the Property is sold while Defendant's appeal is pending. *Id.* The bulk of Defendant's argument in support of a stay centers around alleged third-party interests in the Property; which must be asserted or pursued by the third-party, not Defendant. *Riedl,* 214 F.Supp.2d at 1082. On balance, the Court finds that Defendant has not provided sufficient reason to grant a stay of forfeiture pending appeal. The Motion for Stay should be denied.

## CONCLUSION AND RECOMMENDATION

The Court finds that Defendant's Motion for Discovery [Dkt. 165] and Motion for Stay [Dkt. 118] are **DENIED**. Defendant lacks standing to request discovery, and Defendant's requests fall outside of the scope of permissible discovery. Additionally, Defendant has not provided sufficient reasons why a stay of the forfeiture pending appeal is necessary, nor shown prejudice would result without a stay. Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Discovery [Dkt. 165] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Stay [Dkt. 118] is **DENIED**

The Court further recommends that Defendant's Motion to Dismiss [Dkt. 164] be **DENIED**. Defendant lacks standing to seek dismissal before this Court

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute*

*on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    **IT IS SO ORDERED.**
    **SIGNED this 30th day of June, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE