# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Criminal Action No. 4:14-CR-00125 (Judge Mazzant/Judge Nowak) |
| FRANK EDWIN PATE, | § § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 30, 2016, the report of the Magistrate Judge (Dkt. #200) was entered containing proposed findings of fact and recommendations that Defendant Frank Edwin Pate's Motion to Dismiss Pursuant to 21 U.S.C. § 853(n) (Dkt. #164) be **DENIED**. The Magistrate Judge further ordered each of the Motion for Stay of Forfeiture ("Motion for Stay") (Dkt. #118); and Motion for Discovery (Dkt. #165) be **DENIED**. Having received the report of the Magistrate Judge (Dkt. #200), having considered each of Plaintiff's timely filed objections (Dkt. #203), and having conducted a de novo review as to Defendant's Motion to Dismiss (Dkt. #164) and a clearly erroneous review as to both Defendant's Motion for Stay (Dkt. #118) and Motion for Discovery (Dkt. #165), the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #200) as the findings and conclusions of the Court.

**BACKGROUND**

The facts in this case originate from a criminal proceeding and related criminal forfeiture action. The underlying facts are set out in further detail by the Magistrate Judge, and need not be repeated herein in their entirety (*see* Dkt. #200). Accordingly, the Court sets forth herein only those facts pertinent to Defendant's objections.

On November 12, 2014, Defendant was indicted via superseding indictment for wire fraud and mail fraud under 18 U.S.C. § 1341 and § 1343 (Dkt. #12). The superseding indictment contains a notice that the property located at 316 W. 6th St, Bonham, TX 75418 ("Property") may be subject to criminal forfeiture. *Id.* The charges against Defendant proceeded to jury trial in May 2015 (Dkts. #63-66). The jury found Defendant guilty on all counts and, in a special verdict, found the Property subject to forfeiture (Dkt. #66; Dkt. #77). On June 4, 2015, a preliminary order of forfeiture was entered (Dkt. #80). On October 15, 2015, Defendant filed a Motion for Stay of Forfeiture, requesting a stay of the forfeiture of the Property pending his appeal (Dkt. #118). Defendant was subsequently sentenced on October 29, 2015 and, on November 5, 2015, a final amended judgment was entered (Dkt. #124; Dkt. #130). On March 10, 2016, Defendant further filed a Motion to Dismiss (Dkt. #164) and a Motion for Discovery (Dkt. #165). On March 24, 2016, the Government filed Responses (Dkts. #170-171). On April 8, 2016, a Mandate of the United States Court of Appeals was entered vacating Defendant's sentence and remanding the case for resentencing and entry of an amended final judgment (Dkt. #172). On May 26, 2016, Defendant was resentenced, and on May 27, 2016, an amended judgment was entered (Dkt. #184).

On June 24, 2016, the Magistrate Judge held a hearing ("Hearing") to consider Defendant's Motion for Stay (Dkt. #118), Motion to Dismiss (Dkt. #164), and Motion for

Discovery (Dkt. #165). The Magistrate Judge recommended the Motion to Dismiss be denied, and ordered that the Motion for Stay of Forfeiture and Motion for Discovery be denied (Dkt. #200). On July 1, 2016, Defendant filed objections (Dkt. #203).

## LEGAL STANDARDS

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation with respect to a dispositive motion, such as Defendant's Motion to Dismiss (Dkt. #164), is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Meanwhile, the Court's review of the magistrate judge's order on a non-dispositive motion, such as Defendant's Motion for Stay of Forfeiture and Motion for Discovery, is not reviewed de novo and instead is reviewed under a "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); *United States v. Premises Known as 281 Syosset Woodbury Rd.*, 862 F. Supp. 847, 850-51 (E.D.N.Y. 1994), *aff'd sub nom. United States v. Premises Known as 281 Syosset Woodbury Rd., Woodbury, N.Y.*, 71 F.3d 1067 (2d Cir. 1995) (applying "clearly erroneous and contrary to law" standard because motion for discovery considered non-dispositive for Rule 72 purposes); *United States v. O'Brien*, 181 F.3d 105 (6th Cir. 1999) (applying "clearly erroneous" standard because motion for stay of forfeiture considered non-dispositive for Rule 72 purposes); *Vaquillas Ranch Co., Ltd. v. Texaco Exp. and Prod., Inc.*, 844 F. Supp. 1156, 1160-63 (S.D. Tex. 1994) (holding that only those motions listed in 28 U.S.C. § 636(b)(1)(A) are dispositive under Federal Rule 72).

ANALYSIS

Defendants' objections state:

1) That Honor the Children (HTC) the Sole Legal owner of the property in question (316 W. 6th St, Bonham TX 75418) in this case, the DEFENDANT Objects [sic] to the Petitioner being denied access to the courts without having a lawyer represent the Corporation.

2) DEFENDANT further Objects to the fact that the Controlling Case in this matter, is using 18 USC 981(a)(1)(c) as its forfeiture statute, when in fact there is no "trigger" violation on this case: ----

(Dkt. #203 at 1). Notably, Plaintiff's objections do not challenge the Magistrate Judge's finding that Plaintiff lacks standing to challenge forfeiture of the Property post-sentencing before the District Court (Dkt. #200 at 5-6); or that Defendant has not provided sufficient reasons to justify a stay during the appellate process (Dkt. #200 at 6-7; Dkt. #203). Nor do the objections challenge the Magistrate Judge's findings that Plaintiff lacks standing to request discovery, or alternatively, that Defendant's requests do not fall within the permissible scope of discovery under Federal Rule of Criminal Procedure 32.2 (Dkt. #200 at 5-7).

*Objection #1*

Rather, Defendant's objections make a further assertion that a third-party entity, Honor the Children ("HTC"), has rights to the Property, and also that such entity is being denied access to the courts in light of the Magistrate Judge's instruction that such entity must retain counsel (Dkt. #203). To reiterate, Federal Rule of Criminal Procedure 32.2(b)(4) states: "[a]t sentencing….the preliminary forfeiture order becomes final as to defendant." Fed. R. Crim. P. 32.2(b)(4). Upon sentencing, Defendant's interest in the forfeitable assets is terminated, the preliminary forfeiture order because a final order of the Court as to Defendant, and Defendant may only challenge the order of forfeiture through the appeals process. *United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999) (stating defendant's interest in

forfeited assets was divested upon sentencing and may only be challenged through appeal); *United States v. Christunas*, 126 F.3d 765, 767-69 (6th Cir. 1997) (examining initial forfeiture order and stating that defendant had waived right to challenge the forfeiture because he did not appeal it within the proscribed time period); *United States v. Bennett*, 147 F.3d 912, 913-15 (9th Cir. 1998) (vacating district court order because district court orders were entered after defendant was sentenced and the order became final as to defendant, depriving the Court of jurisdiction to consider challenges to the preliminary order of forfeiture). Under Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853(n), a criminal defendant cannot assert the claims of a third-party in a forfeiture ancillary proceeding; the third-party must assert those claims directly. *Bennett*, 147 F.3d at 913-15; *See* Fed. R. Crim. P. 32.2; 21 U.S.C. § 853(n). Federal Rule of Criminal Procedure 32.2 therefore expressly denies Defendant the ability to challenge the forfeiture proceeding on behalf of a third-party; and states that Defendant may only challenge the forfeiture proceeding, if at all, through the appeals process post-sentencing. Fed. R. Crim. P. 32.2. Moreover, Defendant is not an officer, director, employee, or other authorized representative of HTC. Defendant has no authority or standing to assert any objections on behalf of HTC (Dkt. #199). *See Mossler v. Nouri*, No. 03-08-00476-CV, 2010 WL 2133940, at *7 (Tex. App. – Austin, May 27, 2010, no pet.) ("[u]nless and until the corporation is dissolved, which did not happen here, legal title to its causes of action remains in the corporation" and an individual may not assert the corporation's claims, which must be asserted by the corporation itself); *IntelliGender, LLC v. Soriano*, No. 2:10-CV-125-JRG, 2012 WL 1118820, at *2 (E.D. Tex. Apr. 3, 2012) (*citing Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (a non-profit corporation in federal court must assert claims and otherwise act through an attorney); *Sw. Express Co. v. Interstate Commerce Comm'n*,

670 F.2d 53, 55 (5th Cir. 1982). HTC, through its duly authorized counsel, must assert its own objections to the Court's Order, if any (Dkt. #199). Defendant's first objection is overruled.

*Objection #2*

Defendant further objects to the Magistrate Judge's recommendation that the Motion to Dismiss be denied (Dkt. #203). Specifically, Defendant asserts that there is no "triggering" violation of 18 U.S.C. § 981(a)(1)(C) permitting forfeiture of the cash proceeds and the Property. *Id.* Defendant's objection is a mere restatement of the theories and arguments Defendant asserts in his Motion to Dismiss (*see e.g.* Dkt. #66; Dkt. #100; Dkt. #165) (wherein Defendant asserts forfeiture of the Property is not authorized for the offenses of wire fraud or mail fraud and/or that 18 U.S.C. § 918 is inapplicable). Defendant's available remedy is to argue his theories before the appellate court; Defendant lacks standing to challenge the forfeiture, except on appeal. Notably, Defendant does not dispute by his objections the finding that he lacks standing to challenge the forfeiture post-sentencing before the District Court (Dkt. #203). Federal Rule of Criminal Procedure 32.2(b)(4) expressly states:

> (4) *Sentence and Judgment.*
>
> (A) *When Final.* **At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant.** If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(4) (emphasis added) Under Rule 32.2(b)(4), the preliminary order of forfeiture becomes final as to Defendant (but not third-parties) upon sentencing. *United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999) (explaining defendant's interest in forfeited assets was divested upon sentencing and preliminary order of forfeiture became a final order subject to appeal at that time); *United States v. Christunas*, 126 F.3d 765, 767-69

(6th Cir. 1997); *United States v. Bennett*, 147 F.3d 912, 913-15 (9th Cir. 1998). Here, Defendant filed the Motion to Dismiss on March 10, 2016, over four months after Defendant was sentenced and the forfeiture became a final appealable order as to Defendant (Dkts. #129-130; Dkt. #164). Notwithstanding that Defendant's sentence was vacated and remanded on other grounds by the Fifth Circuit, the forfeiture's finality as to Defendant was then again confirmed upon resentencing on May 26, 2016 (Dkt. #172; Dkt. #183). The forfeiture order is final as to Defendant, and Defendant lacks standing to challenge the forfeiture at this juncture; Defendant's proper remedy is appeal. *Christunas*, 126 F.3d at 767-69 (finding forfeiture is final appealable order upon sentencing of Defendant and must be challenged, if at all, upon appeal); *Bennett*, 147 F.3d at 913-15 (stating Defendant lacks standing to challenge the forfeiture post-sentencing except on appeal and may not seek to circumvent such rules by asserting the claims of a third-party).

Further, even if Defendant had standing to challenge the forfeiture through a Motion to Dismiss (Dkt. #164), Defendant's challenges lack merit. Defendant contends that the forfeiture of the Property is improper because there was no triggering event under 18 U.S.C. § 981(a)(1)(C). The Superseding Indictment against Defendant states in pertinent part "NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2461(c)" (Dkt. #12). 18 U.S.C. § 981(a)(1)(C)-(D) provides:

> (a) (1) The following property is subject to forfeiture to the United States: ….
>
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

7

> (D) Any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of—...
>
>   **(v)** section 1341 (relating to mail fraud); or
>   **(vi)** section 1343 (relating to wire fraud).

28 U.S.C. § 981(a)(1)(C)-(D). 28 U.S.C. § 2461(c) provides:

> (c) If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to [] the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

28 U.S.C. § 2461(c). By such notice, Defendant was given clear notice that the Property would be subject to forfeiture (Dkt. #12). Further, 18 U.S.C. § 981(a)(1)(D) clearly authorizes forfeiture of the proceeds and or property derived from the proceeds traceable to a violation of sections 1341 (mail fraud) and 1343 (wire fraud), under which Defendant was convicted by a jury on May 26, 2015 (Dkt. #66; Dkt. #73). Defendant's allegation that there is no "triggering" violation for purposes of the forfeiture is groundless (Dkt. #164). Therefore, Defendant's second objection is also overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #203), and having conducted a de novo review of the Motion to Dismiss (Dkt. #164) and a "clearly erroneous" review of the Motion for Stay (Dkt. #118) and Motion for Discovery (Dkt. #165), the Court is of the opinion that the findings

and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #200) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant's Motion to Dismiss Pursuant to 21 U.S.C. § 853(n) (Dkt. #164) is **DENIED**.

It is further **ORDERED** that Defendant's Motion for Stay of Forfeiture (Dkt. #118) is **DENIED**.

It is further **ORDERED** that Defendant's Motion for Discovery (Dkt. #165) is **DENIED**.

**IT IS SO ORDERED.**
SIGNED this 29th day of July, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE