IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. 4:14-CR-00125-ALM-CAN |
| | § | |
| FRANK EDWIN PATE, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Petition of Fannin County, Texas and City of Bonham for Adjudication of Interest in Property 316 W. 6th Street, Bonham, Texas ("Tax Authority Petition") [Dkt. 88]; Honor the Children's Petition Regarding the Property at 316 W. 6th Street, Bonham, Texas ("HTC Petition") [Dkt. 103]; the Government's Motion to Dismiss Third Party's Claim Due to Failure to Comply with the Filing Requirement Under 21 U.S.C. § 853(n)(3) ("First Motion to Dismiss") [Dkt. 111]; the Government's Motion to Dismiss Third Party's Claim Due to Failure to Comply with the Filing Requirement Under 21 U.S.C. § 853(n)(3) ("Second Motion to Dismiss") [Dkt. 112]; and the Government's Motion to Dismiss Third Party's Claim Due to Honor the Children's Failure to Appear through an Attorney ("Third Motion to Dismiss") [Dkt. 197].[1] After reviewing the Tax Authority Petition [Dkt. 88], the HTC Petition [Dkt. 103]; the First Motion to Dismiss [Dkt. 111], Second Motion to Dismiss [Dkt. 112], the Response to the First and Second Motions to Dismiss [Dkt. 121]; the joint Stipulation and Settlement Agreement [Dkt. 186]; the Third Motion to Dismiss [Dkt. 197], and

---

[1] Dockets 111 and 112 are substantially identical with the exception of two exhibits [Dkts. 111; 112].

REPORT AND RECOMMENDATION − Page 1

all other relevant filings, the Court recommends that the Tax Authority Petition [Dkt. 88] be **GRANTED IN PART AND DENIED IN PART**, that the Government's Motions to Dismiss [Dkts. 111; 112; 197] be **GRANTED**, and that the HTC Petition [Dkt. 103] be **DISMISSED**.

## BACKGROUND

On November 12, 2014, Defendant was indicted via superseding indictment for wire fraud and mail fraud [Dkt. 12]. The superseding indictment contains a notice that the property located at 316 W. 6th St, Bonham, TX 75418 ("Property") may be subject to forfeiture. *Id.* The case proceeded to jury trial on May 20, 21, 22, and 26, 2015 [Dkts. 63-66]. The jury found Defendant guilty on all counts and found the Property subject to forfeiture in a special verdict [Dkts. 66; 77]. On June 4, 2015, a preliminary order of forfeiture was entered [Dkt. 80]. The defendant was found guilty as to Counts One, Two and Three of the Superseding Indictment filed on November 12, 2014. The United States of America (hereinafter "Government" or "United States of America") published at www.forfeiture.gov for thirty consecutive days notice of this forfeiture and of the intent of the government to dispose of the forfeited property in accordance with the law and further notified all third parties of their right to petition the court within thirty days for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property [Dkt. 87]. On July 15, 2015, Fannin County and City of Bonham filed the Tax Authority Petition [Dkt. 88]. On August 3, 2015, Honor the Children, Inc. ("HTC") filed the HTC Petition [Dkt. 103]. On September 24, 2015, the Government filed its First Motion to Dismiss [Dkt. 111], and on September 28, 2015, its Second Motion to Dismiss [Dkt. 112]. Defendant was sentenced on October 29, 2015 and, on November 5, 2015, a final amended judgment was entered [Dkts. 124; 130]. On February 18, 2016, United States District Judge Amos L. Mazzant referred the Tax Authority Petition [Dkt. 88], the HTC Petition [Dkt. 103], the

First Motion to Dismiss [Dkt. 111], and the Second Motion to Dismiss [Dkt. 112] to the undersigned for consideration and a determination or recommended disposition, pursuant to 28 U.S.C. § 636 [Dkt. 159]. On April 8, 2016, a Mandate of the United States Court of Appeals was entered vacating Defendant's sentence and remanding the case to this Court for resentencing and entry of an amended final judgment [Dkt. 172]. On May 26, 2016, Defendant was resentenced, and on May 27, 2016, an amended judgment was entered [Dkt. 184]. On June 1, 2016, the Government filed notice of a Stipulation and Settlement Agreement relating to the Tax Authority Petition [Dkt. 186]. On June 23, 2016, the Government filed its Third Motion to Dismiss [Dkt. 197].

On June 24, 2016, the Court held a hearing ("Hearing") to consider the Tax Authority Petition [Dkt. 88], the HTC Petition [Dkt. 103], and each of the Government's Motions to Dismiss [Dkts. 111; 112; 197]. The Government appeared represented by counsel Andrew Williams. Defendant appeared *pro se.* Petitioner Honor the Children ("HTC") also appeared at hearing through its non-attorney corporate representative/director, Leila Pate ("Ms. Pate"). At Hearing, the Court heard oral arguments from each of Defendant and the Government with respect to the pending motions. The Court thereafter ordered HTC to file an amended petition complying with all statutory requirements by July 25, 2016 and to retain counsel [Dkt. 199]. On July 22, 2014, HTC filed a Motion for Extension of Time to Obtain Legal Counsel and File and Amended Petition [Dkt. 214], which was granted on July 29, 2016 [Dkt. 216]. The Court warned HTC therein that no further extensions of time would be granted, and that the Court would dismiss the HTC Petition if HTC failed to file a petition in compliance with the requisite statutory requirements on or before August 29, 2016. *Id.*

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute or to comply with an order of the Court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) ("A district court may sua sponte dismiss an action for failure to prosecute or comply with any court order."). Pursuant to Federal Rule of Criminal Procedure 32.2:

> (c) Ancillary Proceeding; Entering a Final Order of Forfeiture.
>     (1) In General. If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding....
>     ....
>     (2) Entering a Final Order. When the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant ... had an interest in the property that is forfeitable under the applicable statute.

FED. R. CRIM. P. 32.2(c); *United States v. Thomas*, 961 F. Supp. 2d 814, 817 (S.D. Miss. 2013).

## ANALYSIS

HTC and the City of Bonham/Fannin County, Texas have filed petitions, each of which allege an interest in the Property [Dkts. 88; 103]. The Government seeks to dismiss HTC's Petition [Dkts. 111; 112; 197]. The Court takes up the Government's Motions to Dismiss, before turning to the Tax Authority Petition.

### I. *The Government's Motions to Dismiss*

The Government moves to dismiss the HTC Petition on the grounds that it does not comply with the requirements of 21 U.S.C. § 853(n), including that it be signed under penalty of perjury [Dkts. 111; 112]. The Government further moves to dismiss because HTC is not represented by counsel in this proceeding, as required under the law [Dkt. 197].

At Hearing on June 24, 2016 and as confirmed in the Court's Order dated June 30, 2016, the Court ordered HTC to file an amended petition complying with the relevant statutory requirements within thirty days of the Hearing [Dkt. 199]. The Court also placed HTC on notice that HTC, as a corporation, must be represented by counsel in federal court [Dkt. 199]. *See IntelliGender, LLC v. Soriano*, No. 2:10-CV-125-JRG, 2012 WL 1118820, at *2 (E.D. Tex. Apr. 3, 2012) (*citing Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982)). On July 29, 2016, the Court granted an extension of the time to file an amended petition and/or to retain counsel for a period of thirty days, and notified HTC that no further extensions would be granted and if an amended petition was not filed the HTC Petition would be dismissed [Dkt. 216]. To date, HTC has not retained counsel, nor has HTC filed an amended petition complying with the requisite statutory requirements. Because HTC has failed to file an amended petition as required by the terms of the Court's June 30, 2016 Order, the Court recommends that each of the Government's Motions to Dismiss [Dkts. 111; 111; 197] be granted, and the HTC Petition be dismissed.

## II. *The Tax Authority Petition*

The City of Bonham and Fannin County, Texas filed a joint Petition, seeking to recoup property taxes owed from the proceeds of any forfeiture sale of the property [Dkt. 88]. The Government, City of Bonham, and Fannin County, Texas have filed a joint Stipulation and Settlement Agreement [Dkt. 186], stating that upon the sale of the Property, after the deduction of the expenses of preservation and sale of the Property, the Government will pay property taxes due and owing on the Property to the City of Bonham and/or Fannin County, Texas, including all taxes, interest, and penalties accruing to an including the date of entry of the Final Order of

Forfeiture. *Id.* All property taxes, interest, penalties, and fees accruing after the date of entry of the Final Order and Forfeiture shall not be paid from the proceeds of sale. *Id.* Any property taxes, interest, penalties, and fees paid shall not exceed the amount realized from the sale of the property after deduction of the expenses of preservation and sale of the property. *Id.* In light of the joint Stipulation and Settlement Agreement, the Court recommends that the Tax Authority Petition be granted in part and denied in part as set forth in the joint Stipulation and Settlement Agreement.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that the Petition of Fannin County, Texas and City of Bonham for Adjudication of Interest in Property 316 W. 6th Street, Bonham, Texas ("Tax Authority Petition") [Dkt. 88] be **GRANTED IN PART AND DENIED IN PART**. The Court recommends that the Government's Motion to Dismiss Third Party's Claim Due to Failure to Comply with the Filing Requirement Under 21 U.S.C. § 853(n)(3) [Dkt. 111]; the Government's Motion to Dismiss Third Party's Claim Due to Failure to Comply with the Filing Requirement Under 21 U.S.C. § 853(n)(3) [Dkt. 112]; and the Government's Motion to Dismiss Third Party's Claim Due to Honor the Children's Failure to Appear through an Attorney [Dkt. 197] be **GRANTED**, and Honor the Children's Petition Regarding the Property at 316 W. 6th Street, Bonham, Texas ("HTC Petition") [Dkt. 103] be **DISMISSED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 2nd day of September, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE