# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | Civil Action No. 4:14-CR-125 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| FRANK EDWIN PATE | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 2, 2016, the report of the Magistrate Judge (Dkt. #245) was entered containing the following proposed findings of fact and recommendations: (1) that the Petition of Fannin County, Texas and City of Bonham for Adjudication of Interest in Property 316 W. 6th Street, Bonham, Texas ("Tax Authority Petition") (Dkt. #88) be **GRANTED IN PART AND DENIED IN PART**; (2) that Honor the Children's Petition Regarding the Property at 316 W. 6th Street, Bonham, Texas ("HTC Petition") (Dkt. #103) be **DISMISSED**; and (3) that the Government's Motion to Dismiss Third Party's Claim Due to Failure to Comply with the Filing Requirement Under 21 U.S.C. § 853(n)(3) ("First Motion to Dismiss") (Dkt. #111); the Government's Motion to Dismiss Third Party's Claim Due to Failure to Comply with the Filing Requirement Under 21 U.S.C. § 853(n)(3) ("Second Motion to Dismiss") (Dkt. #112); and the Government's Motion to Dismiss Third Party's Claim Due to Honor the Children's Failure to Appear through an Attorney ("Third Motion to Dismiss") (Dkt. #197) each be **GRANTED**. Having received the report of the Magistrate Judge (Dkt. #245), having considered each of Defendant Frank Edwin

Pate's ("Defendant") timely filed objections (Dkt. #258), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #245) as the findings and conclusions of the Court.

**BACKGROUND**

The facts in this case originate from a criminal proceeding and related criminal forfeiture action. The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety (*see* Dkt. #245). Accordingly, the Court sets forth herein only those facts pertinent to Defendant's objections.

On November 12, 2014, Defendant was indicted via superseding indictment for wire fraud and mail fraud under 18 U.S.C. § 1341 and § 1343 (Dkt. #12). The superseding indictment contains a notice that the property located at 316 W. 6th St, Bonham, TX 75418 ("Property") may be subject to criminal forfeiture (Dkt. #12). The charges against Defendant proceeded to jury trial in May 2015 (Dkts. #63-66). The jury found Defendant guilty on all counts and, in a special verdict, found the Property subject to forfeiture (Dkt. #66; Dkt. #77). On June 4, 2015, a preliminary order of forfeiture was entered (Dkt. #80). This order noted that, "[p]ursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the [G]overnment requests that [D]efendant's right, title, and interest" in the Property "be forfeited to the United States" and found that "the United States is now entitled to possession of the above-referenced property pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(2)" (Dkt. #80 at 1-2). On July 15, 2015, Fannin County and City of Bonham filed the Tax Authority Petition (Dkt. #88), and on August 3, 2015, Honor the Children, Inc. ("HTC") filed the HTC Petition (Dkt. #103). On September 24, 2015, the Government filed its First Motion to Dismiss (Dkt. #111), and on September 28, 2015, its

Second Motion to Dismiss (Dkt. #112). Defendant was sentenced on October 29, 2015 and, on November 5, 2015, a final amended judgment was entered (Dkt. #124; Dkt. #130). On April 8, 2016, a Mandate of the United States Court of Appeals was entered vacating Defendant's sentence and remanding the case for resentencing and entry of an amended final judgment (Dkt. #172). On May 26, 2016, Defendant was resentenced, and on May 27, 2016, an amended judgment was entered (Dkt. #184).

Subsequently, on June 24, 2016, the Magistrate Judge held a hearing ("Hearing") to consider the Tax Authority Petition (Dkt. #88), the HTC Petition (Dkt. #103), and each of the Government's Motions to Dismiss (Dkts. #111-12; Dkt. #197). The Government appeared represented by counsel Andrew Williams. Defendant appeared *pro se*. Petitioner Honor the Children ("HTC") appeared at Hearing through its non-attorney corporate representative/director, Leila Pate ("Ms. Pate"). The Magistrate Judge ordered HTC to file an amended petition complying with all statutory requirements by July 25, 2016 and to retain counsel to proceed before the Court (Dkt. #199). On July 22, 2014, HTC filed a Motion for Extension of Time to Obtain Legal Counsel and File and Amended Petition (Dkt. #214), which the Magistrate Judge granted on July 29, 2016 (Dkt. #216). The Magistrate Judge warned HTC therein that no further extensions of time would be granted, and that the Magistrate Judge would dismiss the HTC Petition if HTC failed to file a petition in compliance with the requisite statutory requirements on or before August 29, 2016 (Dkt. #216).

The Magistrate Judge entered a report and recommendation on September 2, 2016, recommending the Tax Authority Petition be granted in part and denied in part,[1] the HTC

---

[1] Specifically, the Magistrate Judge tracked the Government's, City of Bonham's, and Fannin County, Texas's joint Stipulation of Settlement Agreement (Dkt. #186), and found in pertinent part as follows:
   [U]pon the sale of the Property, after the deduction of the expenses of preservation and sale of the Property, the Government will pay property taxes due and owing on the Property to the City of

3

Petition be dismissed, and each of the Government's First, Second, and Third Motions to Dismiss be granted (Dkt. #245). On October 3, 2016, Defendant timely filed objections to the Magistrate Judge's report and recommendation (Dkt. #258).

## DEFENDANT'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation generally is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Defendant's objections assert that the Magistrate Judge erred in applying the Federal Rules of Criminal Procedure in determining whether to dismiss the HTC Petition and further erred in prohibiting HTC from proceeding before the Court *pro se*. Defendant does not object to the Magistrate Judge's findings and recommendations regarding the Tax Authority Petition. Accordingly, the Court adopts the Magistrate Judge's findings and recommendation regarding the Tax Authority Petition and finds that the Tax Authority Petition (Dkt. #88) should, therefore, be **GRANTED IN PART AND DENIED IN PART**. The Court proceeds in turn to consider each of Defendant's objections.

*Defendant's Standing to Make Objections*

As a preliminary matter, the Court reiterates its earlier finding regarding Defendant's standing to assert objections in this context. In pertinent part, the Court found as follows:

> [F]ederal Rule of Criminal Procedure 32.2(b)(4) states: "[a]t sentencing . . . the preliminary forfeiture order becomes final as to defendant." Fed. R. Crim. P. 32.2(b)(4). Upon sentencing, Defendant's interest in the forfeitable assets is

---

Bonham and/or Fannin County, Texas, including all taxes, interest, and penalties accruing to an including the date of entry of the Final Order of Forfeiture. *Id.* All property taxes, interest, penalties, and fees accruing after the date of entry of the Final Order and Forfeiture shall not be paid from the proceeds of sale. *Id.* Any property taxes, interest, penalties, and fees paid shall not exceed the amount realized from the sale of the property after deduction of the expenses of preservation and sale of the property. *Id.*

(Dkt. #245 at 5-6). The Magistrate Judge recommended disposition of the Tax Authority Petition in accord with the joint Stipulation and Settlement (Dkt. #245 at 6).

> terminated, the preliminary forfeiture order bec[omes] a final order of the Court as to Defendant, and Defendant may only challenge the order of forfeiture through the appeals process. *United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999) (stating defendant's interest in forfeited assets was divested upon sentencing and may only be challenged through appeal); *United States v. Christunas*, 126 F.3d 765, 767-69 (6th Cir. 1997) (examining initial forfeiture order and stating that defendant had waived right to challenge the forfeiture because he did not appeal it within the proscribed time period); *United States v. Bennett*, 147 F.3d 912, 913-15 (9th Cir. 1998) (vacating district court order because district court orders were entered after defendant was sentenced and the order became final as to defendant, depriving the court of jurisdiction to consider challenges to the preliminary order of forfeiture). Under Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853(n), ***a criminal defendant cannot assert the claims of a third-party in a forfeiture ancillary proceeding***; the third-party must assert those claims directly. *Bennett*, 147 F.3d at 913-15; *See* Fed. R. Crim. P. 32.2; 21 U.S.C. § 853(n). Federal Rule of Criminal Procedure 32.2 therefore expressly denies Defendant the ability to challenge the forfeiture proceeding on behalf of a third-party; and states that ***Defendant may only challenge the forfeiture proceeding, if at all, through the appeals process post-sentencing***. Fed. R. Crim. P. 32.2. Moreover, Defendant is not an officer, director, employee, or other authorized representative of HTC. ***Defendant has no authority or standing to assert any objections on behalf of HTC*** (Dkt. #199). *See Mossler v. Nouri*, No. 03-08-00476-CV, 2010 WL 2133940, at *7 (Tex. App.—Austin, May 27, 2010, no pet.) ("Unless and until the corporation is dissolved, which did not happen here, legal title to its causes of action remains in the corporation" and an individual may not assert the corporation's claims, which must be asserted by the corporation itself.); *IntelliGender, LLC v. Soriano*, No. 2:10-CV-125-JRG, 2012 WL 1118820, at *2 (E.D. Tex. Apr. 3, 2012) (*citing Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (a non-profit corporation in federal court must assert claims and otherwise act through an attorney); *Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982). HTC, through its duly authorized counsel, must assert its own objections to the Court's Order, if any (Dkt. #199).

(Dkt. #217 at 4-6) (emphasis added). Here, Defendant's first objection relates to the propriety of the Magistrate Judge's applying the Federal Rules of Criminal Procedure to the forfeiture proceeding in his case (Dkt. #258 at 1). Defendant lacks standing to raise this challenge. *Pelullo*, 178 F.3d at 202 ("[T]he defendant generally has no standing to participate in the ancillary proceeding that takes place after the forfeiture order is entered at sentencing."); *see* Fed. R. Crim. P. 32.2(b)(4), (c). Likewise, Defendant has no standing to raise his second objection:

5

Defendant's challenge to the Magistrate Judge's finding that HTC must proceed in this matter through counsel, rather than *pro se*, is HTC's challenge to make, not Defendant's. *See, e.g.*, *Mossler*, 2010 WL 2133940, at *7. Notwithstanding Defendant's lack of standing, the Court has evaluated each of Defendant's objections in turn and finds they lack merit for the reasons discussed below and should be overruled.

*Objection 1: Magistrate Judge's application of the Federal Rules of Criminal Procedure*

Defendant objects to the Magistrate Judge's application of Federal Rule of Criminal Procedure 32.2 in this case, arguing that the Government sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and that this is a civil forfeiture statute under which the Federal Rules of Criminal Procedure do not apply (Dkt. #258 at 1).

Federal law permits forfeiture to the United States of real property constituting, derived from, or traceable to mail or wire fraud. 18 U.S.C. §§ 981 (authorizing civil forfeiture), 982 (authorizing criminal forfeiture). Under 28 U.S.C. § 2461(c), "[i]f a person is charged in a criminal case with a violation . . . for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment . . . pursuant to the Federal Rules of Criminal Procedure." In tandem with Section 2461, Federal Rule of Criminal Procedure 32.2(a) ensures the defendant receives adequate notice of the government's intent to seek forfeiture, whether criminal or civil. Fed. R. Crim. P. 32.2(a) (The "indictment or information" must "contain[] notice to the defendant" of the Government's intent to seek forfeiture "in accordance with the applicable statute."). The government complies with this notice requirement so long as the notice alerts the defendant to the government's intent to seek forfeiture. *United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001) ("An indictment is sufficiently specific if it 'puts the defendant on notice that the government seeks forfeiture and

identifies the assets with sufficient specificity to permit the defendant to marshal evidence in their defense.'"); *cf. United States v. Ogbonna*, 34 F. App'x 150, at *2 (5th Cir. 2002) (per curiam) (quoting *Loe*, 248 F.3d at 464) (noting that, where government did not seek forfeiture, "[t]he purpose of the notice of forfeiture in the indictment[—]to inform the defendant that the government seeks forfeiture as a remedy"—was not implicated). In this vein, citation to the incorrect forfeiture statute does not defeat the government's forfeiture claims so long as the notice serves to alert the defendant that the government intends to seek forfeiture of some sort. *United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008) (finding that the government's citation to the wrong forfeiture statute in a case involving mail fraud did not defeat the "'essential purpose' of notice" under Rule 32.2(a), which is "to inform the defendant that the government seeks forfeiture so the defendant can marshal evidence in his defense") (citing *Loe*, 248 F.3d at 464); *United States v. Adams*, 159 F. Supp. 3d 688, 693 (N.D. Va. 2016) (citing *Loe*, 248 F.3d at 464). Moreover, "[t]he indictment . . . need not identify the property subject to forfeiture[,]" though the forfeiture order must "direct[] the forfeiture of specific property, and direct[] the forfeiture of any substitute property" where appropriate. Fed. R. Crim. P. 32.2(b)(2)(A). A forfeiture order becomes final "[a]t sentencing" unless "the defendant consents" to the forfeiture sooner. Fed. R. Crim. P. 32(b)(4)(A).

Here, the Government primarily sought forfeiture of cash proceeds and certain real property (described in detail in the superseding indictment) "[p]ursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)" and, alternatively, as substitute property "pursuant to 21 U.S.C. § 853(p)" (Dkt. #12 at 5-7). After the jury found Defendant subject to forfeiture through a special verdict (Dkt. #77), the Government moved for entry of a preliminary order of forfeiture as to the Property, which the Government had identified in the indictment (Dkt. #78). In

granting the Government's motion, the Court described the Property in detail and found that "[b]y virtue of the Special Jury Verdict, the United States is now entitled to possession of [the Property] pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(2)" (Dkt. #80 at 2). Following sentencing (and resentencing), Defendant participated actively in contesting forfeiture (*see, e.g.*, Dkt. #203; Dkt. #258). Defendant now objects to the Magistrate Judge's application of Rule 32.2 because, as he asserts, the forfeiture was a civil, rather than criminal proceeding (Dkt. #258 at 1). Essentially, Defendant argues that the Government's citation to the civil forfeiture provision for mail and/or wire fraud (at 18 U.S.C. § 981) should preclude application of the criminal forfeiture provision for those same offenses (at 18 U.S.C. § 982). In light of Defendant's awareness that forfeiture proceedings were ongoing—he participated in them and filed objections throughout—the indictment served the purpose of providing Defendant notice that the Government sought forfeiture of the Property. *Cf. Loe*, 248 F.3d at 464; *Silvious*, 512 F.3d at 370; *Adams*, 159 F. Supp. 3d at 693. Furthermore, the Court already has rejected Defendant's claim that the wrong statute was applied here, noting that such claims are more appropriately presented on appeal (*see* Dkt. #217 at 6-7), and has found that "Defendant was given clear notice that the Property would be subject to forfeiture" through the indictment (Dkt. #217 at 7-8). Accordingly, even if the Government erroneously cited Section 981 rather than Section 982, the Government nevertheless complied with the notice requirement of Rule 32.2(a) in the present case. As such, the Court overrules Defendant's first objection.

***Objection 2: Magistrate Judge's recommendation to dismiss the HTC Petition***

Defendant objects, as well, to the Magistrate Judge's recommended dismissal of the HTC Petition, arguing that HTC's failure to proceed through counsel before the Court should not stand as a basis for the dismissal (Dkt. #258 at 1-2). Defendant asserts that, because Judge Don Bush

permitted a defendant (Kevin White) in a different case to represent the corporate defendants in that case *pro se* (*see* Dkt. 72 in Case 4:13-CV-382), the Magistrate Judge should have permitted Defendant (or Ms. Pate) to do so here. Notably, the Government moved for the HTC Petition's dismissal on two grounds, namely the lack of "verification indicating the [HTC Petition] was signed under penalty of perjury" required by 18 U.S.C. § 853(n) (Dkts. #111-12), and HTC's failure to proceed before the Court through counsel (Dkt. #197).

Under Section 2461(c), many of the procedures prescribed in 21 U.S.C. § 853 apply broadly to all criminal forfeiture proceedings. 28 U.S.C. § 2461(c) (excepting those procedures in 21 U.S.C. § 853(d), which apply only where the defendant is convicted for violation Title 21). Section 853 requires, *inter alia*, that "the United States . . . publish notice of the [forfeiture] order and of its intent to dispose of the [forfeited] property . . . " so that third parties who have an interest in the forfeited property may file a petition under Rule 32.2(c) asserting such interest. 21 U.S.C. § 853(n). Third parties seeking to establish their interest in the forfeited property then must act, first by timely filing a petition "for a hearing to adjudicate the validity of [the] alleged interest" and then by "establish[ing] by a preponderance of the evidence" such alleged interest before the court. *Id.* In particular, a third party must submit a petition "signed by the petitioner under penalty of perjury" that "set[s] forth the nature and extent of [its] right, title, or interest in the property, the time and circumstances of [its] acquisition of the right, title, or interest in the property, any additional facts supporting [its] claim, and the relief sought." *Id.* § 853(n)(3); *United States v. Portillo*, No. 3:12–CR–00420–M, 2013 WL 3466854, at *1 (N.D. Tex. July 9, 2013) ("In an attempt to discourage false or frivolous claims, courts have strictly construed the statutory requirements for contesting forfeiture."); *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (collecting cases for the same proposition); *see also United States v. Natalie*

*Jewelry*, No. 14-CR-60094, 2015 WL 150841, at *3 (S.D. Fla. Jan. 13, 2015) (dismissing third party petitions in forfeiture proceeding for failure to submit sworn petitions after having been advised to do so and warned that failure would result in dismissal). Section 853(n) provides a third party's only avenue to claim an interest in forfeited property, *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 684 (5th Cir. 2013), and a defendant in the underlying criminal proceeding may not act on behalf of third party in making such claims, *see, e.g.*, Fed. R. Crim. P. 32; 21 U.S.C. § 853(n); *Bennett*, 147 F.3d at 913-15. Further, as in any case before the federal courts, incorporated entities may not litigate *pro se* in forfeiture proceedings. *See, e.g.*, *Soriano*, 2012 WL 1118820, at *2 (citing *Rowland*, 506 U.S. at 201-02); *Sw. Express Co.*, 670 F.2d at 55.

In the present case, the Government's forfeiture claim against the Property as to Defendant became final when Defendant was sentenced; as the Court found before, this means that HTC—a third party—bore the burden of asserting its interest in the Property (Dkt. #217 at 4-5). As noted *supra*, HTC appeared at Hearing through Ms. Pate—*pro se*—and filed an unsworn petition seeking to establish its purported interest in the Property. The Magistrate Judge admonished HTC at Hearing on June 24, 2016 and again by order dated June 30, 2016 that HTC (1) must file an amended petition compliant with Section 853's requirements and (2) must secure representation by counsel in order to proceed with its claims (Dkt. #199). HTC requested, and the Magistrate Judge granted, an additional thirty days to comply with the Magistrate Judge's orders (Dkt. #216). When granting the extension, the Magistrate Judge warned HTC that "[n]o further extensions [would] be granted[,]" and that HTC's failure to comply would result in dismissal "for failure to file a petition with the requisite statutory requirements" (Dkt. #216). HTC failed either to file an amended petition or to notify the Court of its retainer of counsel.

HTC's failure to file an amended petition alone requires dismissal of its petition. *See, e.g.*, 21 § 853(n)(3); *Portillo*, 2013 WL 3466854, at *1; *Ginn*, 799 F. Supp. 2d at 647; *Natalie Jewelry*, 2015 WL 150841, at *3. Moreover, HTC did not notify the Court that it retained counsel, as required the Magistrate Judge's order; this failure, too, merits dismissal. *See Soriano*, 2012 WL 1118820, at *2; *Sw. Express Co.*, 670 F.2d at 55.[2] Accordingly, the Court overrules Defendant's second objection.

---

[2] Defendant's citation to *U.S. Commodity Futures Trading Comm'n v. RFF GP, LLC*, No. 4:13-CV-382, Dkt. #72 is inapposite. There, Judge Bush permitted counsel for corporate defendants to withdraw and for the corporate defendants to proceed *pro se* where the defendant Kevin White already had pleaded guilty to the underlying crimes for which the CFTC sought civil penalties, and where a receiver had already been appointed to manage the claims. Given the special circumstances, and noting that he "does not usually permit the withdrawal of counsel for non-natural persons," Judge Bush permitted those defendants' departure from the general rule. No such circumstances are present here.

## CONCLUSION

Having considered each of Defendant's timely filed objections (Dkt. #258), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #245) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that the Petition of Fannin County, Texas and City of Bonham for Adjudication of Interest in Property 316 W. 6th Street, Bonham, Texas (Dkt. #88) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Honor the Children's Petition Regarding the Property at 316 W. 6th Street, Bonham, Texas (Dkt. #103) is **DISMISSED**.

It is further **ORDERED** that the Government's Motion to Dismiss Third Party's Claim Due to Failure to Comply with the Filing Requirement Under 21 U.S.C. § 853(n)(3) (Dkt. #111), the Government's Motion to Dismiss Third Party's Claim Due to Failure to Comply with the Filing Requirement Under 21 U.S.C. § 853(n)(3) (Dkt. #112), and the Government's Motion to Dismiss Third Party's Claim Due to Honor the Children's Failure to Appear through an Attorney (Dkt. #197) each are **GRANTED**.

**IT IS SO ORDERED**.

SIGNED this 30th day of November, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE